DETERMINED IN THE

## FIRST DISTRICT

OF THE

# APPELLATE COURTS OF ILLINOIS

### DURING THE YEAR 1916

Arthur S. Merigold, Appellee, v. Twentieth Century Theater & Amusement Company, Appellant.

Gen. No. 21,290. (Not to be reported in full.)

Appeal from the Municipal Court of Chicago; the Hon. HARRY P. DOLAN, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1915. Affirmed. Opinion filed April 28, 1916. Rehearing denied May 11, 1916. *Certiorari* denied by the Supreme Court (making opinion final).

### Statement of the Case.

Action of the first class in the Municipal Court of Chicago by Arthur S. Merigold, plaintiff, against Sol H. Goldberg and the Twentieth Century Theater & Amusement Company, a corporation, defendants, to recover commissions alleged to be due him as a real estate broker for the sale of premises. Plaintiff claimed the sum of $2,125, being two and one-half per cent. of $85,000, the sale price of the premises. The defendants entered a joint appearance, and, by an agent, filed an affidavit of merits in which it was stated, in substance, that neither of them employed plaintiff to sell the premises or agreed to pay him any sum for

(285)

making such sale; that they were not jointly liable to plaintiff; that plaintiff was not the procuring cause of the sale, in that the premises were sold for the defendant company by a broker named Kipper, to whom it paid an agreed commission for said sale. The cause was tried before the court without a jury. After plaintiff's evidence in chief had been heard, the cause was dismissed as to the defendant Sol H. Goldberg, but the motion of the defendant company for a finding in its favor was denied. At the conclusion of all the evidence the court found the issues against the defendant company and assessed plaintiff's damages at $2,125, upon which finding judgment for $2,125 against the defendant company was entered. From this judgment defendant company appeals.

BLUM & BLUM, for appellant.

JOHN H. COULTER and EDGAR L. MASTERS, for appellee.

MR. PRESIDING JUSTICE GRIDLEY delivered the opinion of the court.

### Abstract of the Decision.

1. CORPORATIONS, § 264*—*when evidence sufficient to show power of officers to bind company.* In an action against a corporation to recover commissions on the sale of real estate, where the evidence shows that plaintiff acted under an agreement with the president of defendant and its secretary, who with two others constituted the directors and stockholders, and that the other two knew that plaintiff was acting as broker in the matter and made no objection and that the contract of sale was ratified in writing by all of the directors and stockholders, it was *held* that the officers had authority to bind defendant by employing plaintiff, even though there was no resolution of the board of directors authorizing the officers to do so.

2. BROKERS, § 8*—*when evidence sufficient to show employment of broker and agreement for commissions.* In an action by a broker to

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Merigold v. Twentieth Century T. & A. Co., 199 Ill. App. 285.

recover commissions, evidence examined and *held* to show that plaintiff was employed by defendant to act as broker on its behalf to bring about a sale of the premises at a specified price, and that he was to receive the customary commission for his services.

3.  BROKERS, § 90*—*when evidence insufficient to show termination of employment.* In an action by a broker for commissions, evidence examined and *held* to show that plaintiff's employment was not terminated nor abandoned by him.

4.  BROKERS, § 27*—*when right to commission not affected.* In an action by a broker for commissions where the evidence shows that plaintiff first presented to defendant a purchaser who offered and was able to pay the price fixed and who subsequently bought the premises for that sum, his right to his commission is not affected whether the purchaser acted for himself in purchasing or as agent of a company of which he was the president and controlling stockholder.

5.  BROKERS, § 37*—*when evidence sufficient to show procuring cause of sale.* In an action by a broker for commissions, evidence examined and *held* to show that he and not another was the procuring cause of the sale although he was not present at the execution of the contract, and though the amount of the monthly deferred payments was greater than he had offered.

6.  BROKERS, § 91*—*when evidence insufficient to show fraud.* In an action by a broker for commissions on the sale of realty, evidence examined as to agreement of plaintiff to divide commissions with one of defendant's officers and *held* not to show fraud.

---

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.